IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JOSE ARTHUR "ART" D. CHAN, JR.,<br><br>　　　　　　Defendant. | CRIMINAL CASE NO. 23-00014-002<br><br>**ORDER**<br>Granting in Part and Denying in Part<br>Motion for Bill of Particulars<br>(ECF No. 98) |

Pending before the court is a Motion for Bill of Particulars, filed by Defendant Jose Arthur "Art" D. Chan, Jr. (the Defendant"), *see* Mot. Bill Particulars, ECF No. 98, to which co-defendants Christine C. Chan, Michael L. Marasigan, Juanita Capulong and Richard C. Brown filed joinders. *See* Joinders, ECF Nos. 106 and 108-10. Having considered the parties' briefs, heard oral argument and reviewed pertinent authority, the court grants in part and denies in part the Motion for Bill of Particulars.

**BACKGROUND**

On May 10, 2023, the grand jury returned an Indictment charging seven defendants[1] in Count 1 with Conspiracy to Operate Illegal Gambling Business, in violation of 18 U.S.C. §§ 371 and 1955(a), and in Count 2 with Money Laundering Conspiracy, in violation of 18 U.S.C. §§ 1956(h) and (a)(1)(B)(i) and 1957. *See* Indictment, ECF No. 1. The Indictment also charged certain defendants with 62 counts of Money Laundering, in violation of 18 U.S.C. §§ 1957 and 2. *Id.*

According to the Indictment, from March 2015 to about December 31, 2021, the defendants

---

[1] Two defendants – Alfredo D. Leon Guerrero and Minda San Nicolas – have entered guilty pleas pursuant to plea agreements with the United States. *See* Am. Plea Agreements, ECF Nos. 80 and 87.

agreed with themselves and others to conduct an illegal gambling business involving bingo games sponsored by the Guam Shrine Club ("GSC"), a nonprofit organization. *Id.* at ¶¶ 3 and 13. The Defendant is alleged to have been GSC's Vice President and President at various times. *Id.* at ¶ 5. The Indictment states that "GSC established Hafa Adai Bingo to conduct bingo games . . . after [the Director of the Guam Department of Revenue & Taxation ("DRT")] authorized the GSC to conduct charitable gaming." *Id.* at ¶ 3. The government alleges that the defendants and others used "the name of GSC and its Hafa Adai Bingo's nonprofit status and bingo permits, so it would appear to the public and law enforcement agencies that Hafa Adai Bingo's fundraising activities were being conducted in compliance with Guam gambling law," *id.* at ¶ 15, defendants' object was to "unjustly enrich themselves and others . . . under the guise of charitable and civic fundraising." *Id.* at ¶ 14.

The government alleges that the Defendant and other GSC officers falsely reported the organization's total revenues on tax filings and "wrote or caused to issue GSC checks, including profit distribution checks" to co-conspirators and their business entities. *Id.* at ¶¶ 16, 20.i. and 23-24.

The Defendant then filed the instant Motion for Bill of Particulars requesting that the court require the United States to provide certain details relating to the charged offenses. *See* Mot. Bill Particulars, ECF No. 98. The United States opposes the motion and argues that the Indictment sufficiently notifies him of the charges he must defend against and the voluminous discovery it provided furnishes the details he seeks to prepare for trial. *See* USA's Opp'n, ECF No. 100.

**LEGAL STANDARD**

A defendant "may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). "The decision whether to grant a request for a bill of particulars is directed to the trial court's discretion." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). The Ninth Circuit has explained that a bill of particulars serves three functions: (1) to inform a defendant of the nature of the charges against him to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at trial, and (3) to protect against double jeopardy. *Id.*

The test for granting of a bill of particulars is whether the indictment is so vague that a bill of particulars is required. *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). "In

determining if a bill of particulars should be ordered . . . , a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government. Full discovery will obviate the need for a bill of particulars." *Long,* 706 F.2d at 1054.

**ANALYSIS**

The Motion for Bill of Particulars requests the court order the government to provide further details about various paragraphs in the Indictment as identified in the motion. In the Defendant's Reply brief and at the hearing, defense counsel focused his argument on having the United States identify the underlying Guam statute that makes the bingo game operations here unlawful. Although paragraph 13 of the Indictment asserted that the defendants conspired to conduct "an illegal gambling business involving bingo games . . . which operated in violation of the laws of the Territory of Guam (Title 9 G.C.A., Chapter 64 *et seq.*), defense counsel argued that Section 64.70 of this chapter of the law also provides "an exception to the general prohibition against gambling." Reply at 2, ECF No. 102. Counsel argued that it is not sufficient for the Indictment to simply assert that the bingo games were unlawful. Rather, in order to adequately prepare a defense for trial, counsel asserted the United States must identify the exact subsection and/or portion of Title 9, GCA, Chapter 64 that the Defendant allegedly violated. Counsel argued that this information was necessary because it could form the basis of a future motion to dismiss.

While the United States' response presented the general law with regard to a motion for a bill of particulars, the Opposition did not specifically address each of the requests sought by the Defendant. Even at the oral argument hearing, counsel for the United States was vague with regard to identifying which specific provision of Chapter 64 was violated except to concede that footnote 1 in the government's trial brief stated that the bingo games were illegal gambling in Guam because Section 64.10(a) prohibited gambling. *See* USA's Tr. Br. at 4, ECF No. 112.

While Section 64.10 of Title 9, Guam Code Annotated make it a misdemeanor for a person to "make[] or accept[] a wager involving money or anything of monetary value upon the result of any game or contest," 9 GUAM CODE ANN. § 64.10(a)(1), Section 64.70 expressly provides that Section 64.10 does "not apply to gambling activities sponsored, promoted and conducted by an

organization which has been issued a permit to conduct such activities pursuant to Subsection (c)." 9 GUAM CODE ANN. § 64.70(a). Subsection 64.70(b) then sets forth certain requirements an organization must meet in order to be issued a permit by the Director of DRT to conduct gambling activities. Subsection 64.70(d) then states that the "Director shall immediately revoke a permit in case of violation of any provision of this Section." 9 GUAM CODE ANN. § 64.70(d). Defense counsel argues that any violation by GSC of the requirements under Subsection 64.70(b) should have resulted in a revocation of GSC's permit, but the Indictment did not allege that GSC's permit was revoked by the Director of DRT. Thus, the Defendant asserts he is left guessing what law he violated as he prepares for trial.

The court agrees that the Indictment and the other disclosures made by the government do not sufficiently inform the Defendant of the statute violated nor does it sufficiently describe the government's theory of how the various sections of Chapter 64 result in a violation of Guam law such that the Defendant can adequately prepare for trial. *See United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) ("A defendant is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case.") (emphasis in original).

The Defendant also requests he be provided with other details such as "the dates the alleged checks were distributed to coconspirators," Mot. Bill Particulars at 3, ECF No. 98, the manner and means by which the various bank accounts were used to conduct illegal operations, and the dates of the various financial transactions. Because the United States provided the defendants with full discovery and maintains that the discovery provides the who, what, when and where of the allegations, the court exercises its discretion to deny the remaining requests for detailed information from the government. *See Giese*, 597 F.2d at 1181 ("Full discovery also obviates the need for a bill of particulars."). *See also United States v. Hsuan Bin Chen*, No. CR 09-110 SI, 2011 WL 332713, at *4 (N.D. Cal. Jan. 29, 2011) ("[A] bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation. Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation.") (internal quotation marks and citation omitted) (emphasis in original).

///

## CONCLUSION

Based on the above discussion, the court grants in part and denies in part the Defendant's Motion for Bill of Particulars. Within seven days of the date of this Order, the United States shall file a bill of particulars that identifies the specific provision or provisions of Guam's gambling statute the Defendant is alleged to have violated and the government's theory of how the exception set forth in Section 64.70 of Title 9, Guam Code Annotated to Guam's general prohibition on gambling is not applicable to the alleged illegal conduct described in the Indictment. All other requests by the Defendant are denied.

IT IS SO ORDERED.



**/s/ Michael J. Bordallo**
**U.S. Magistrate Judge**
**Dated: Mar 25, 2024**